[No. E007193. Fourth Dist., Div. Two. Sept. 7, 1990.]

C. L. VINEYARD, Plaintiff and Respondent, v.
ELIZABETH ANNE SISSON, Defendant and Appellant.

COUNSEL

Judith L. Pilson for Defendant and Appellant.

C. L. Vineyard, in pro. per., for Plaintiff and Respondent.

OPINION

**TIMLIN, J.**—Appellant, Elizabeth Anne Sisson (Elizabeth), appeals the trial court's denial of her claim of exemption as a cojudgment debtor from a levy by a writ of execution requested by respondent, C. L. Vineyard (Vineyard), as judgment creditor, on certain wages of her cojudgment debtor and separated husband, V. Duane Sisson (Duane), which were being withheld by his employer, San Bernardino Medical Group, Inc. (Medical Group), under a family support wage assignment order.

Elizabeth contends that the trial court erred in concluding (1) that her interest in the spousal support portion of the family support order is subject to levy by a writ of execution (writ); (2) that such an interest is not exempt from a levy by writ; and (3) that her spousal support interest in such assigned funds may be seized pursuant to a levy by writ before such funds are actually paid to her by Medical Group as Duane's employer. We will affirm.

FACTS

On September 8, 1987, Elizabeth filed a petition for legal separation from Duane in a family law action in the trial court.

Two days later, on September 10, 1987, Elizabeth and Duane stipulated that the court should issue an order assigning certain wages earned by Duane for family support. The court did so. This order provided in part that the salary or wages of Duane were to be assigned to Elizabeth and paid to her by his employer. Duane's employer at that time and at all times pertinent to this appeal is the Medical Group. It was ordered to deduct from Duane's disposable earnings $5,700 for family support or 65 percent of his net disposable earnings, whichever was less.

On February 24, 1989, a judgment was entered in a separate civil action in favor of Vineyard against Elizabeth and Duane, individually, jointly and severally, in the total amount of $525,141.82.

On May 19, 1989, the clerk of the trial court issued a writ (money judgment) in the civil action at judgment creditor Vineyard's request for levy on certain property of judgment debtors Duane and Elizabeth.[1]

On May 24, 1989, Vineyard sent a letter to the San Bernardino Marshal, Central Division (the Marshal), as levying officer, enclosing the writ, an application for an earnings withholding order (wage garnishment) and a notice of levy under writ of execution (money judgment). He directed the Marshal to serve them on the Medical Group "for money owed by the San Bernardino Medical Group, Inc. to either V. Duane Sisson or Elizabeth Anne Sisson."

On June 6, 1989, the Marshal received the Medical Group's "Employer's return (Wage Garnishment)" stating that it had received the earnings withholding order on June 1, 1989. The Medical Group further stated that Duane is employed by it and in the last pay period he had gross earnings of $2,500, his pay period being twice a month. The Medical Group also mentioned "There is another order affecting the employee's [Duane's] earnings and it appears to have higher priority. [¶] a. The other order was received on September 10, 1987." Reasonable inferences from the record persuade us

---

[1] A copy of the writ is not part of the clerk's transcript. The court ordered a copy from the superior court and has taken judicial notice of it pursuant to section 459, subdivision (a), and section 452, subdivision (d)(1), of the Evidence Code. It is noted that Elizabeth refers in her opening brief to such writ having been omitted from the clerk's transcript even though Elizabeth designated it to be incorporated in the record on appeal.

that the "other order" is the wage assignment order in the family law action.

Elizabeth, on June 8, 1989, delivered to the Marshal, as levying officer, a claim of exemption (enforcement of judgment) (claim) in response to the writ. In the claim she asserted "My court ordered family support agreement should be exempt because it was specifically granted for the support of my family." She further urged that the property was claimed to be exempt under the "U.S. Bankruptcy Code."

In her financial statement, which apparently accompanied the claim, Elizabeth stated that there was a wage assignment for support in effect with respect to the earnings of her spouse.

On July 10, 1989, the trial court conducted a hearing on the claim and thereafter denied the claim "on the grounds requested." The court did, however, by a subsequent order on July 26, 1989, quash the writ as to the subject levy for reasons unrelated to any issues raised in Elizabeth's appeal.

On September 5, 1989, Elizabeth filed her notice of appeal. On page 9 of her opening brief, she asserted that her contention of trial court error in denying the claim applied only to the spousal support portion of the family support order.

## DISCUSSION

This appeal raises questions of first impression: 1) Is court-ordered spousal support payable to a judgment debtor spouse (supported spouse) from wages withheld by the employer of the cojudgment debtor spouse (supporting spouse) pursuant to Civil Code section 4801.6, subdivision (a),[2] under a wage assignment order subject to a writ on a money judgment against both spouses? 2) If so, is such spousal support payment under a wage assignment exempt from a writ? We hold that such funds, withheld by the employer for spousal support at the time of the levy and not yet paid by it to the supported spouse under a wage assignment order, are subject to a writ and are not exempt property.

---

[2] We recognize that since July 1, 1990, there are new provisions in the Civil Code governing wage assignments and orders thereon, beginning with section 4390 et seq. These changes, however, do not affect the discussion and disposition of the issues in this particular case. Further, we construe the *stipulated* wage assignment order thereon to be under section 4801.6, subdivision (a), which relates to a discretionary court order for such an assignment. In our analysis there is no significance in the distinction between discretionary and mandatory wage assignment orders.

## I. *Earnings Withholding Order*

■ We first dispose of a collateral aspect to the above questions. It involves Vineyard, as judgment creditor, seeking not only a writ but also an earnings withholding order (wage garnishment) on Duane's (supporting spouse) wages. It is not a "withholding order for support," which is a form of an earnings withholding order issued on a writ of execution because this enforcement method is limited to collecting delinquent support amounts under Code of Civil Procedure section 706.030.[3] Vineyard was not entitled to delinquent support payments because he was not the supported spouse.

Additionally, the earnings withholding order was not directed to any wages of Elizabeth (supported spouse) because she was not an employee of the Medical Group (employer). There is no doubt that Vineyard intended such order be levied on that portion of the salary, owed by the Medical Group to cojudgment debtor Duane, which exceeded the amount to be withheld and paid by the Medical Group as spousal support to Elizabeth under the wage assignment order.

## II. *Writ of Execution*

### A. *Is a Wage Assignment for Spousal Support Subject to a Writ?*

The only enforcement process initiated by Vineyard regarding Elizabeth, as cojudgment debtor, is the levy by writ on her entitlement through the wage assignment order to that portion of Duane's wages being withheld by the Medical Group as Duane's employer for spousal support.

■ Elizabeth contends that her right to that portion of Duane's wages, which were withheld by the Medical Group under the wage assignment order, for payment as spousal support to her as the assigned payee under the stipulated wage assignment, is not subject to a writ because the wage assignment order had priority over the writ under section 706.031, subdivision (b).

First, section 706.031, subdivision (b) relates to a wage assignment for support having priority over an earnings withholding order. It provides that if an employer is simultaneously subject to an earnings withholding order and a wage assignment, it must first withhold and make payment to the assigned payee pursuant to the wage assignment. If, after such payment, there remains any nonexempt portion of the supporting spouse's wages, the

---

[3] All further statutory references will be to the Code of Civil Procedure unless otherwise stated.

employer then must pay such pursuant to the earnings withholding order. Section 706.031 is inapposite to the facts of this case because, as stated above, Vineyard, as judgment creditor, was not attempting to levy against Elizabeth's spousal support entitlement through an earnings withholding order.

Second, having found no authority interpreting the nature or legal effect of such a wage assignment or its relationship to methods for enforcing money judgments, including a writ, under title 9, Code of Civil Procedure, entitled "Enforcement of Judgments," and particularly beginning at section 695.010, we do our own analysis.

The following definitions of terms in the Enforcement of Judgment provisions of the Code of Civil Procedure are helpful. A "general intangible" is subject to levy by writ through service of a copy on the "account debtor." (§ 700.170.) A "general intangible" means a "general intangible" as defined in section 9106 of the California Uniform Commercial Code, consisting of rights to payment. (§ 680.210.) California Uniform Commercial Code section 9106 defines "general intangible" to mean "Any personal property (including things in action) . . . ."

An "account debtor" is defined in section 680.120 to be an "account debtor" as defined in section 9105 of the California Uniform Commercial Code. California Uniform Commercial Code section 9105, subdivision (1)(a), defines "account debtor" as " . . . a person who is obligated on . . . [a] general intangible." ■ A "thing in action," also known as a "chose in action," includes an employee's right to wages and such is assignable. (1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 937, p. 837.)[4]

■ It appears from the foregoing legislation and general common law regarding assignments of personal property that a reasonable interpretation of the Legislature's intent is that a spousal support wage assignment results in the designated assignee, in our case Elizabeth, receiving a personal property interest in that portion of the supporting spouse's salary to the extent it equals the spousal support ordered in the family law action. In other words, Duane, by the wage assignment order, assigned that portion of his right to wages from his employer, Medical Group, to Elizabeth for spousal support. Medical Group as account debtor on such assigned wages (a general intangible) is obligated to pay that portion to Elizabeth as the designated assignee. Thus, that portion of Duane's wages assigned to Elizabeth is a general

---

[4] Generally, Labor Code section 300 governs the manner of assignment of wages, but it specifically excludes in subdivision (a) any such assignment and order thereon made under Civil Code section 4801.6.

intangible owned by Elizabeth and subject to a writ. (§ 700.170.)[5] Additionally, Elizabeth's interest in Duane's wages is not property which is not subject to execution under section 699.720.

We hold that a wage assignment for spousal support is subject to a money judgment enforcement by a writ of execution.

B. *Is a Wage Assignment for Spousal Support Exempt?*

■ Elizabeth further asserts that if her right to a certain portion of Duane's wages for spousal support is subject to a writ, it is exempt. The basis for her claim is that a wage assignment for spousal support has priority over a writ.[6]

Section 695.010, subdivision (a) states: "Except as otherwise provided by law all property of the judgment debtor is subject to enforcement of a money judgment." Aside from section 704.210 which provides that property not subject to enforcement of a money judgment is exempt without making a claim, the Legislature has categorized certain property to be exempt from enforcement of a money judgment by execution or otherwise. (§ 704.010 et seq., if a claim is filed in the trial court requesting such.) These exemptions relate to property which would ordinarily be subject to enforcement but the debtor is allowed to retain all or part of them for the protection of herself/himself and his/her family. They are wholly statutory and cannot be enlarged by the courts. (8 Witkin, Cal. Procedure (3d ed. 1985) Enforcement of Judgment, § 161, p. 152.)

We have researched the statutory law, particularly sections 704.010 through 704.210 of article 3, chapter 4, division 2, title 9 of the Code of Civil Procedure and find no such exemption. The trial court, therefore, was correct in denying Elizabeth's claim of exemption because it had no statutory support.

Two other questions remain to be resolved. They appear to be of particular interest to employers who may be bound simultaneously by a wage assignment order and a judgment creditor's writ on spousal support, which the wage assignment order requires be paid directly to the judgment debtor/supported spouse.

---

[5] Elizabeth's interest is not community property because the supporting spouse's earnings after separation are his/her separate property. (Civ. Code, § 5118.)

[6] Elizabeth did not urge before the trial court that it grant the claim on her earlier grounds, namely, she and Duane were once debtors in bankruptcy and the court-ordered family support was for the support of the family. She does not so assert in this court. We, therefore, assume she does not contend that such basis supported the claim and the trial court erred in denying the claim on "the grounds requested."

The first question is: When is a writ levied on spousal support payable by a wage assignment order?

A writ requires the levying officer, in this case the Marshal, to enforce the judgment. (§§ 699.510 and 699.520.) The Marshal does so by levying on nonexempt property of the judgment debtor. If it is tangible property he/she seizes it. If it is a general intangible, such as Elizabeth's interest by assignment in a chose in action, the Marshal levies by personally serving a copy of the writ and notice of levy on the account debtor, who in this case is the Medical Group, as Duane's employer. (§ 700.170.)

■ This statutory scheme supports the conclusion that upon service on the employer, the writ then becomes immediately effective as to that portion of the supporting spouse's wages, which the employer is then withholding pursuant to the wage assignment order. At the moment of levy, the employer is required to pay the withheld portion of the wages to the Marshal as levying officer.

On the other side of the coin, the wage assignment order regarding support binds the employer of the supporting spouse 10 days after a copy of the order is served on the employer. (Civ. Code, § 4801.6, subds. (a) and (b)(6).) On that date, the employer is obligated to withhold and forward the support money as ordered by the court to the assigned payee. If the employer does not comply with the order, he is liable to the assigned payee for the amount of support not withheld, or otherwise paid to the assigned payee. Additionally, wilful failure by an employer to comply with a wage assignment order is punishable as contempt. (Civ. Code, § 4801.6, subd. (b)(7).)

■ The employer's quandary raises the second question: Which process has priority? The answer is found in Civil Code section 4801.6, subdivision (c) which provides: "Any such assignment made pursuant to court order shall have priority as against any . . . execution . . . , unless otherwise ordered by the court."[7]

We, therefore, further hold that if an employer is bound at the same time by a wage assignment order for spousal support and a writ of execution levied by a judgment creditor of the supported spouse against her/his personal property interest in the spousal support portion of the supporting spouse's wages, he must pay to the assigned payee all of the supporting spouse's wages, which are subject to the wage assignment, unless the

[7] Civil Code section 4390.12, subdivision (b) continues this priority of a wage assignment order as to family or child or spousal support after July 1, 1990.

judgment creditor has obtained a court order altering the statutory priority so that the employer must pay the withheld wages for spousal support directly to the levying officer for ultimate payment to the judgment creditor.

## Disposition

The trial court's denial of the claim of exemption is affirmed.

Dabney, Acting P. J., and McDaniel, J.,* concurred.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.